CLARK v. COLLINS.

It is not necessary in a civil action for a penalty given by statute, that the record, which states that some of the jurors were affirmed, should also state, that they alleged themselves conscientiously scrupulous of taking an oath.

A state of demand, for penalties, under the act to prevent the unlawful waste and destruction of timber, *Rev. Laws*, 700, need not set out the cutting of each tree specially, nor specify the kind of trees. It may claim in a body, the amount of all the penalties demanded, for the whole number of trees cut.

This was an action of debt for penalties incurred by the defendant, under the act to prevent the unlawful waste and destruction of timber, *Rev. Laws*, 700.

*Wilson*, for the plaintiff in *certiorari*, moved to reverse the judgment of the Justice. 1st. Because it does not appear by the record, that the jury were properly sworn or affirmed. The Justice has stated upon his docket, that the jury were " all sworn and affirmed "; meaning, no doubt, that they were all qualified, some being sworn, and others affirmed; but he has not stated that any, or if any, which of them were conscientiously scrupulous of taking an oath; *The State* v. *Putnam*, *Coxe*, 260; *The State* v. *Sharp*, cited by KINSEY, C. J.; in *The State* v. *Rockafallow*, 1 *Halst. R.* 341; *The State* v. *Harris*, 2 *Halst.* 361 ; *The State* v. *Fox*, 4 *Halst.* 244.

2dly. Because the state of demand was illegal, inasmuch as it claims for twelve penalties in a body, instead of setting out each offence separately and specifying what trees had been cut. *Hill* v. *Herbert*, *Penn. R.* 924; *Dixon* v. *Freeman*, *Penn. R.* 411; *Bloodgood* v. *Vandevere*, *Penn. R.* 928; *Westbrook* v. *Van Auken*, 2 *South. R.* 478.

*H. W. Green*, *contra*, cited *Coxe* v. *Field*, 1 *Green's R.* 215, *Penn. Treat.* 175; *Miller* v. *Stoy*, 2 *South. R.* 476.

The opinion of the court, was delivered by

HORNBLOWER, C. J. The first objection relied on by the counsel for the plaintiff in *certiorari*, is founded on the idea that this is a criminal proceeding. The cases cited by him from 1 *Halst. R.* 341; 2 *Halst. R.* 361, *and* 4 *Halst. R.* 244, are on indictments; and that of *The State* v. *Putnam*, *Coxe*,

*R.* 260, was on an inquisition of forcible entry and detainer, which though not an indictment, was a public prosecution. This action, though penal, is not criminal. It is a civil suit, between private parties. In the case of *The State* v. *Harris*, 4 *Halst.* 361, which was on an indictment for forgery, this court expressed an unwillingness to favour exceptions of this kind, " which have nothing to do with the justice of the case ; and said that if the question had then arisen for the first time, they would have hesitated before they gave it their sanction. Penal statutes are to be construed strictly, 1 *Bl. Com.* 80 ; but it does not follow, that an action, on such a statute, must be pursued with the same strictness, as an indictment. There is nothing therefore, in my opinion, in this objection.

The second objection I think, is equally untenable. The object of the statute is to prevent the unlawful waste and destruction of timber, and though penal in its character, and therefore not to be extended by equity, it may be interpreted beneficially, according to the intent of the legislature. 1 *Inst.* 54, 268. The phraseology of the act, is peculiar, and distinguishes it from the case of selling spirituous liquors by the small measure, and from several other penal enactments. It provides, that if " *the penalty* " demanded shall not exceed one hundred dollars, *it* may be sued for before a Justice of the Peace, *Rev. Laws,* 700. Thus showing that the legislature intended to consider the *penalty*, as more or less, improportion to the number of trees that may have been cut. If one only, the penalty is to be eight dollars, if two, sixteen dollars, if ten, eighty dollars, &c. The *penalty,* is for cutting, without the leave of the owner ; and the amount of *it* depends upon the number of trees cut. The state of demand in this case, is for cutting twelve trees, at one time and place ; it is one offence, and the penalty therefore is ninety-six dollars. Nor is it necessary to specify the kind of trees, whether maple, hickory or oak ; if they are trees, saplings or poles, of any description, standing or lying on the land, the penalty accrues. The state of demand in this case, is in all respects, like that given by the late Mr. Justice PENNINGTON, in his treatise upon the courts

for the trial of small causes, and which I have no doubt, was well considered by him. Let the judgment be affirmed.

FORD, J. and RYERSON, J. concurred.

*Judgment affirmed.*